UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE CRUZ

                        Petitioner,

       -against-

NORMAN BEZIO, Superintendent,
    Great Meadow Correctional Facility,


                        Respondent.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

10 CV 6069 **(RJD)**

DEARIE, District Judge.

      Petitioner Jose Cruz was convicted in November 2005, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second and third degrees, and two counts of tampering with physical evidence, and sentenced to twenty-five years to life and several shorter concurrent terms.  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In lieu of answering the petition on the merits respondent moves to dismiss the petition as time-barred.   For the reasons set forth below, the motion to dismiss is denied.

**FACTUAL BACKGROUND**

      The principal dates relevant to the timeliness analysis are a matter of public record and not in dispute.  The judgment from which petitioner seeks relief was entered November 22, 2005, in the Supreme Court of the State of New York, Queens County, and affirmed by the Appellate Division by decision and order dated February 3, 2009.  People v. Cruz, 59 A.D.3d 457 (2d Dep't 2009).  Petitioner then sought leave to appeal to the New York Court of Appeals and by order dated May 27, 2009, that application was denied.  People v. Cruz, 13 N.Y.3d 795 (2009).  Petitioner moved for reconsideration of the May 27, 2009 denial of leave to appeal, and by order

dated September 29, 2009, the Court of Appeals denied reconsideration. Petitioner did not thereafter seek review in the United States Supreme Court. Exactly one-year plus 90 days after the Court of Appeals denied reconsideration, on December 29, 2010, the Clerk of the Court received and docketed the petition, which bears petitioner's signature, the date of December 21, 2010, and a verification stating that on that day (December 21) petitioner presented his materials to correctional authorities for mailing.

Although the parties' briefs address a host of timeliness considerations, including statutory tolling[1] and the possibility of equitable tolling under the principles announced in Holland v. Florida, 560 U.S.__, 130 S. Ct. 2549 (2010), their principal dispute concerns the date on which petitioner's judgment became final. Finality analysis, as the ensuing discussion shows, disposes of the motion.

## DISCUSSION

**Legal Standards**

Under the Antiterrorism and Effective Death Penalty Act of 1996, applications by state prisoners for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. See 28 U.S.C. § 2244 (d)(1). The statute provides that the "limitation period shall run from the latest of" the date of four possible events. Id. Applicable here is the first, i.e., "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. subs. (d)(1)(A).

The Supreme Court has spoken emphatically, on three occasions, on the concept of finality for habeas purposes. In Clay v. United States, 537 U.S. 522, 532 (2003), construing the

---

[1] See 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending shall not be countered toward any period of limitation under this section").

2

one–year period of limitations in section 2255(f) applicable to federal prisoners, the Court held that, "for federal criminal defendants who do not file a petition for certiorari with th[e] [Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." 537 U.S. at 532. Six years later, in Jimenez v. Quarterman, 555 U.S. 113, 119 (2009), the Court extended Clay's interpretation of finality to the context of state convictions for purposes of section 2244(d)(1)(A). See 555 U.S. at 119 ("We have [ ] held that if the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when 'the time for filing a certiorari petition expires'" (quoting Clay) and "[i]n construing the similar language of § 2244(d)(1)(A), we see no reason to depart from this settled understanding"). In Jimenez, the state appellate court had granted the defendant an "out-of-time appeal," 555 U.S. at 119, and on those facts, the Supreme Court held that "it was not until . . . [the] time for seeking certiorari review in th[e] [Supreme] Court expired, that petitioner's conviction became 'final' through 'the conclusion of direct review or the expiration of the time for seeking such review' under § 2244(d)(1)(A)." Id. at 120 (quoting section 2244(d)(1)(A)).

Only last month, in Gonzalez v. Thaler, 565 U.S. __, 132 S. Ct. 641 (2012), the Supreme Court again addressed finality for purposes of section 2244(d)(1)(A):

> We now make clear what we suggested in [Clay and Jimenez]: The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"— when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such

3

> review"—when the time for pursuing direct review in this Court,
> or in state court, expires.

565 U.S. at __, 132 S. Ct. at 653-54.

The commencement and duration of the time for seeking certiorari review are clearly delineated in the Supreme Court's Rules of Practice. Rule 13.1 states that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Rule 13.3, however, provides that "if a petition for rehearing is timely filed by any party, or if the lower court appropriately entertains an untimely petition for rehearing," then the time for seeking certiorari "runs from the date of the denial of rehearing." See, e.g., DeFeo v. United States, 153 F. Supp. 2d 453, 458 (S.D.N.Y. 2001) (for section 2255 purposes, the time for filing a petition for certiorari to the Supreme Court runs from the date the Second Circuit denied rehearing rather than from the issuance of original mandate, citing Supreme Court Rule 13.3).

**Analysis**

The analysis is quite straightforward. Petitioner, as noted, did not seek certiorari review in the Supreme Court but he did move for rehearing in the Court of Appeals. Therefore, under Supreme Court Rule 13.3, petitioner's 90-day period for seeking certiorari commenced on September 29, 2009, when the rehearing application was denied, and under Gonzalez, his conviction became final on December 29, 2009, when the 90-day period for seeking certiorari expired. For the petition to be timely, therefore, petitioner had to file it no later than December 29, 2010, and the record shows that he did. Under the "prison mailbox rule," petitioner's papers are deemed filed on December 21, 2009, the date that, according to his signed verification, he presented his papers to correctional authorities for mailing. See Houston v. Lack, 487 U.S. 266,

4

270 (1988); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) ("prison mailbox rule" extends to habeas petitions), cert. denied, 534 U.S. 886 (2001); Rule 3(d) of the Rules Governing Section 2254 Cases.[2]

The foregoing obviates the need for extensive analysis of respondent's theory of *un*timeliness, which appears to be premised on respondent's belief that petitioner's motion for reconsideration in the Court of Appeals was untimely and therefore not eligible to delay finality. Respondent's theory, however, overlooks the fact that the Court of Appeals did not treat the request as untimely,[3] and fails to account for the language in Supreme Court Rule 13.3, which contemplates that a court might accept an untimely request for rehearing. See Sup. Ct. Rule 13.3 ("if the [state] court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing").

In any event, the record does not support respondent's contention that petitioner's request for reconsideration was untimely. Respondent specifically asserts that petitioner filed his request for reconsideration of the May 27, 2009 denial of his leave application "on or about July 3, 2009," and that that request is untimely because the applicable practice rule requires that it be filed within thirty days of the order for which reargument was sought, i.e., by June 27, 2009.[4] Respondent does not point to a specific document but the Court's review of the record discloses

---

[2] Of course, because the petition was received by the Clerk and docketed on December 29, 2009, the last day of the limitations period, it is timely even without the benefit of the prison mailbox rule and notwithstanding any arguable defect in the verification.

[3] The Certificate Denying Application for Reconsideration, signed and dated September 29, 2009 by Judge Jones, states that "upon application made by [petitioner] for reconsideration of the certificate dated May 27, 2009 denying application for leave to appeal pursuant to CPL 460.20 [sic] is hereby denied."

[4] See generally McKinney's New York Rules of Court, Rule 500.20(d) (setting forth thirty-day rule for requests for reargument or reconsideration).

a thirty-page letter brief, bearing the date July 3, 2009, that addresses petitioner's grounds for reconsideration. The Court's review of the record also discloses, however, a letter *dated June 15, 2009* from the Court of Appeals to petitioner acknowledging receipt of his "[r]equest for reconsideration of application for leave to appeal from [sic] order of intermediate court" and advising him that "[his] application for reconsideration has been assigned" to Judge Jones. That letter also advises petitioner that any "communications to the assigned Judge must be mailed within three weeks after the date of th[e] letter"—which would be July 6, 2009—and served on his adversary. Plainly, petitioner's July 3, 2009 submission is not an untimely reconsideration motion but rather the additional "communication" contemplated by the letter acknowledging receipt of the timely reconsideration request.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as time-barred is denied. Respondent shall file a complete response to the petition within sixty days of the date of this Order, addressing the merits of petitioner's claims and the status of the post-conviction motion reported to be pending in state court. Respondent shall also file with this Court copies of the briefs and other materials submitted in the state court post-conviction proceeding.

SO ORDERED.

Dated: Brooklyn, New York
February 10, 2012

                                                            s/ Judge Raymond J. Dearie

                                                            RAYMOND J. DEARIE
                                                            United States District Judge